**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RONALD GENE TUCKER STEWART                        PETITIONER

VS.                        CASE NO. 5:15CV00304 JLH/PSH

WENDY KELLEY, Director of the
Arkansas Department of Correction                        RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes . You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Ronald Gene Tucker Stewart ("Stewart") filed an application for writ of habeas corpus pursuant to 28 U.S.C. §2254. He is currently in the custody of the Arkansas Department of Correction (ADC) after pleading guilty in the Circuit Court of Pulaski County to failure to register as a sex offender. He was sentenced as an habitual offender on February 2, 2015, to 60 months of imprisonment. Stewart did not file a Rule 37 petition with the trial court challenging the entry of his guilty plea or the competence of his attorney.

Liberally construing his federal habeas corpus petition, Stewart claims:

(1) he received ineffective assistance of trial counsel because his attorney allowed him to plead guilty to a charge "he didn't have knowledge of at time" (petition, page 1): and

(2) his guilty plea was not voluntarily entered.

Respondent Wendy Kelley ("Kelley") contends both claims are not properly before this Court due to Stewart's failure to adequately raise the claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.   Specifically, Kelley contends Stewart failed to raise the claims in a Rule 37 petition, and the time allowed for doing so has now expired. By previous Order, Stewart was informed of his opportunity to explain why the claims are not procedurally barred.  Stewart did not submit a response to the Court's November 16, 2015 Order.

Here, it is evident that Stewart did not pursue his claims in state court and they appear to be procedurally barred from our consideration.  We are mindful, however, that the Court has the discretion to consider the merits of the claims rather than embracing the procedural default analysis. In considering this issue, we are guided by the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine.  Recent commentary points up the problems with the cause and prejudice standard:
>
> > [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . .  In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)). Efficiency is served by proceeding to the merits of the claims advanced by Stewart.

**Ineffective assistance of counsel:** For his first claim, Stewart faults his attorney for "allowing petitioner to plea to a charge he didn't have knowledge of at time." Petition, page 1.  In order to prove ineffective assistance of counsel, Stewart must prove that (l) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*,

2

752 F.2d 327, 331 (8th Cir. l985).  In the context of a guilty plea, Stewart must demonstrate it is reasonably probable that, but for his attorney's errors, he would have not entered a guilty plea and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52 (1985).  Stewart also bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 74l F.2d l099, ll0l (8th Cir. l984); *Bell v. Lockhart*, 74l F.2d ll05, ll06 (8th Cir. l984).  This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 331.

Stewart alleges his attorney erred in failing to inform him of the charge against him.  His allegation is refuted by the record.  A plea statement was executed by Stewart and his attorney on February 2, 2015.  See docket entry no. 11-2.  This statement plainly shows Stewart was charged with failure to register as a sex offender, a class C felony, and was subject to 3 to 30 years of imprisonment and a $10,000.00 fine.  The statement also shows Stewart was charged as an habitual offender.  Stewart responded in the affirmative and initialed the statement to show the following specifics:  he was not impaired; he understood the range of sentences he was facing; he fully understood the charge; he discussed the case fully with his attorney, and he was satisfied with her service; the guilty plea was not coerced; he understood the trial judge was not required to comply with any agreement between the parties; there were no promises regarding parole, good time, etc., made to induce the plea; and Stewart believed the state could prove him guilty beyond a reasonable doubt had he gone to trial.

In addition to the written plea statement, the transcript of the guilty plea hearing refutes the assertion that his attorney failed to inform him of the charge against him.  Stewart was sworn in at the hearing, conducted on February 2, 2015.  The following excerpts are from the hearing:

THE COURT:  All right.  Mr. Tucker[1], do you understand what you are

---

[1]Mr. Stewart went by Ronald Tucker at the time he entered his guilty plea.

charged with?

STEWART: Yes.

THE COURT: Do you understand the penalty range?

STEWART: Yes.

THE COURT: Do you understand you are charged as a habitual offender?

STEWART: Yes.

THE COURT: Did you go through and check Yes and place your initials to each one of the questions [referring to plea statement]?

STEWART: Yes, sir.

THE COURT: It says, "I'm aware of everything in this document, I fully understand what my rights are and I freely, knowingly and voluntarily plead guilty because I'm, in fact, guilty as charged." Did you sign this form?

STEWART: Yes, sir.

THE COURT: Counsel [referring to Stewart's attorney], did you sign?

MS. KENNEDY: Yes, sir, Your Honor.

THE COURT: What are the facts?

PROSECUTOR: Your Honor, the State's case would show that on or between August the 7th, 2013 through September 11th of 2013, Mr. Tucker failed to comply with the Sex Offender Registry. He has also been previously convicted of four or more felonies represented by counsel.

THE COURT: Is he going to stipulate to the habitual status?

MS. KENNEDY: Yes, Your Honor, we stipulate.

THE COURT: All right. Mr. Tucker, did you hear those facts?

STEWART: Yes.

THE COURT: To the charge of failure to register, Class C. Felony, how do you plead?

4

STEWART: Guilty.

THE COURT: The Court will accept this plea as knowing and voluntarily entered.  What's the recommendation?

PROSECUTOR: Your Honor, the recommendation is five years in the Arkansas Department of Corrections.  That would be concurrent with the time he's currently serving from Florida. . .

THE COURT: You are going to be sentenced in this case to five years Arkansas Department of Correction.  That's concurrent with your Florida sentence.

Docket entry no. 11-3.  The sentencing order, filed one month later, accurately reflected the guilty plea and the five year sentence imposed at the hearing.  Docket entry no. 11-4.

The *Strickland* case requires Stewart to show attorney error plus prejudice stemming from the error.  Stewart falls short of showing any error, as he provides no factual basis for his assertion that his attorney failed to inform him of the charge he was facing.  As cited herein, the record reflects Stewart was informed of the charge, and acknowledged this both in writing and verbally.  Since Stewart fails to demonstrate any attorney error, it follows that he also fails to show any prejudice[2] from his attorney's acts and/or omissions.  There is no merit to the first claim.

**Involuntary guilty plea:** Liberally construing Stewart's petition, he also alleges his guilty plea was not knowingly made due to him being unaware of the charge.  This assertion is akin to the first claim, and the plea statement and the guilty plea transcript squarely address this claim.  Stewart exhibited an awareness of the charge, and entered a knowing plea based upon the record.

> Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

---

[2]Kelley notes that Stewart has not expressly stated that he would have chosen to go to trial had his attorney acted differently.  It is worth noting that Stewart received a sentence far below the thirty years he might have received had he gone to trial.  The lenient sentence is also evidence that Stewart was not prejudiced by his attorney's conduct.

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  There is no merit to the second claim of Stewart.

**Conclusion:** For the foregoing reasons, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied because all claims are without merit.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 25th day of January, 2016.

_____

UNITED STATES MAGISTRATE JUDGE